IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FLORENTINO E. MENDEZ,<br>a/k/a Tony Mendez<br>1368 Euclid Street, N.W.<br>No. 603<br>Washington, DC  20009-4818<br><br>    Plaintiff<br>vs.<br><br>CAVALRY PORTFOLIO SERVICES, LLC<br>7 Skyline Drive<br>Third Floor<br>Hawthorne, NY  10532<br><br>    Defendant | Case No. 0002216-08 |

## NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(B) (FEDERAL QUESTION)

Defendant, Cavalry Portfolio Services, LLC, hereby gives notice that this action is removed from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia, pursuant to 28 U.S.C. §§ 1441 and 1446. In support thereof, and for the purpose of removal only, the Defendant states as follows:

1.  On March 14, 2008, Plaintiff commenced this action against the Defendant in the United States District Court for the District of Columbia.

2.  Defendant was served by process server on April 21, 2008. Copies of all process and pleadings and others served upon Defendant in such action is contained in Exhibit A filed herewith.

3.  The parties to this action are, as follows:

    A.  Plaintiff, Florentino E. Mendez is a citizen of District of Columbia.

1

  B. Defendant, Cavalry Portfolio Services, LLC is a limited liability company with its principal place of business in the State of New York.

4. Plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et. seq., against the Defendant in his Complaint.

5. This Court has original jurisdiction over the subject action pursuant to 28 U.S.C. § §1331.

6. Pursuant to 28 U.S.C. §§ 1441, et. seq., this cause may be removed from the Superior Court of the District of Columbia.

7. In addition, Plaintiff also alleges a state law claim against the Defendant. However, because the federal and non-federal claims all derive from a common nucleus of operative facts this Court has supplemental jurisdiction over the non-federal claims alleged against the Defendant, 28 U.S.C. § 1367(a).

8. Alternatively, if the federal claims are deemed to be separate and independent from the non-federal claims, as opposed to arising out of a common nucleus of operative facts, the Defendant invoke the Court's jurisdiction under 28 U.S.C. § 1441(c) as grounds for removal of the entire state action to this Court.

9. Notice of this removal has been filed with the Superior Court of the District of Columbia and served upon all parties.

WHEREFORE, Defendant, by counsel, removes the subject action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.

THE LAW OFFICES OF RONALD S. CANTER, LLC

*/s/ Ronald S. Canter*

_____
Ronald S. Canter, Esquire, #321251
Birgit D. Stuart, Esquire, #979150
11300 Rockville Pike, Suite 1200
Rockville, MD 20852
Telephone: (301) 770-7490
Facsimile: (240) 386-3816
E-Mail: roncanter@comcast.net
E-Mail: dstuart@roncanterllc.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the Notice of Removal, was served upon the individual listed below by Courier Delivery and First Class Mail, Postage Prepaid on this 12th day of May, 2008 to:

> Ernest P. Francis, Esquire
> 1655 Fort Myer Dr Ste 700
> Arlington, VA 22209
> Attorney for Plaintiff

*/s/ Ronald S. Canter*

_____
Ronald S. Canter, Esquire
Attorney for Defendant

3

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

FLORENTINO E. MENDEZ

*Plaintiff*

vs.

CAVALRY PORTFOLIO SERVICES, LLC

*Defendant*

Civil Action No. 0002216-08

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Ernest P. Francis
Name of Plaintiff's Attorney

1655 N. Fort Myer Drive, Suite 700
Address
Arlington, VA 22209

(703) 683-5696
Telephone

By _____
Deputy Clerk

Date _____

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division
Civil Actions Branch

| | |
|---|---|
| FLORENTINO E. MENDEZ,<br>a/k/a Tony Mendez<br>1368 Euclid Street, N.W.<br>No. 603<br>Washington, DC 20009-4818,<br><br>    Plaintiff<br><br>v.<br><br>CAVALRY PORTFOLIO SERVICES, LLC<br>7 Skyline Drive<br>Third Floor<br>Hawthorne, NY 10532,<br><br>    Defendant. | 0002216-08<br><br>Civil Action No.<br><br>RECEIVED<br>Civil Clerk's Office<br><br>MAR 1 4 2008<br><br>Superior Court of the<br>District of Columbia<br>Washington, D.C. |

COMPLAINT

Plaintiff Florentino Mendez ("Mendez"), who is also known as Tony Mendez, by his undersigned counsel, brings this action against Defendant Cavalry Portfolio Services, LLC ("Cavalry"), and for his complaint in this action states as follows:

1. This Court has jurisdiction of this matter under 15 U.S.C. § 1692k and D.C. Code § 11-921.

2. Plaintiff Mendez (an individual) is a resident of the District of Columbia.

3. Defendant Cavalry is a limited liability company organized under the laws of the State of Delaware and has its headquarters in Hawthorne, New York

4. Defendant engages in the business of acquiring consumer debts payable to others for the purpose of collection when those debts are in default.

5. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another by consumers to pay money arising out of transactions in which the money, property, insurance, or services which are the subject of the transactions are primarily for personal, family, or household purposes.

6. Defendant regularly uses the mails and other instrumentalities of interstate commerce in its collection of or attempts to collect debts owed or due or asserted to be owed or due another by consumers.

7. In April, 2007, Cavalry began its attempts to collect from Mendez a debt that it asserted that Mendez previously incurred to Bank of America through a credit card used to access a line of credit for personal or household purposes.

## COUNT I
## 15 U.S.C. § 1692e(10)

8. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 7 as if the same were fully set forth herein.

9. In attempting to collect the debt that Defendant asserted that Mendez owed Bank of America, Defendant asserted that Bank of America had retained it or hired it to collect the alleged debt from Mendez.

10. In fact this statement was false because Bank of America had not retained or hired Defendant to collect the debt that Plaintiff allegedly owed Bank of America.

## COUNT II
## 15 U.S.C. §§ 1692e(10) & 1692e(2)(A)

11. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 10 as if the same were fully set forth herein.

12. In attempting to collect the debt that Defendant asserted that Mendez owed Bank of America, Defendant stated that the amount that Mendez owed Bank of America was in excess of $1,200.

13. In fact this statement as to the amount that Mendez purportedly owed Bank of America was false because either Mendez did not owe any amount to Bank of America or, in the alternative, he did not owe the entire amount that Defendant asserted was due.

## COUNT III
## 15 U.S.C. § 1692e(10)

14. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 13 as if the same were fully set forth herein.

15. In attempting to collect the alleged debt from Plaintiff, Defendant stated to Plaintiff in September, 2007 that the debt had been placed with the law firm of Margolis, Pritzker, Epstein & Blatt, for collection.

16. This statement was false because that law firm had never been retained by Defendant to collect the debt allegedly due from Plaintiff.

## COUNT IV
## 15 U.S.C. § 1692e(10)

17. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 16 as if the same were fully set forth herein.

18. In attempting to collect the alleged debt from Plaintiff, Defendant stated to Plaintiff that the debt was now in the hands of the legal team, which was scheduling a court date.

19. This statement was false inasmuch as the debt was not in the hands of the legal team and no court date was being scheduled.

-3-

## COUNT V
### 15 U.S.C. § 1692e(5)

20. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 19 as if the same were fully set forth herein.

21. In attempting to collect the alleged debt from Plaintiff, Defendant stated to Plaintiff that the debt was being taken to court and that the only way that Plaintiff could avoid a lawsuit was to pay the debt immediately.

22. In telling Plaintiff that the debt would be the subject of a court action, Defendant threatened action that it had no intention of taking.

## COUNT VI
### 15 U.S.C. § 1692e(10)

23. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 22 as if the same were fully set forth herein.

24. In attempting to collect the alleged debt from Plaintiff, Defendant stated to Plaintiff on October 3, 2007, that the case involving Plaintiff's debt had been scheduled for trial.

25. Defendant's statement that the case had been scheduled for trial was false inasmuch as no case was then pending and therefore no trial had been scheduled.

## COUNT VII
### 15 U.S.C. §§ 1692e(2)(A), 1692e(8), & 1692e(10)

26. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 25 as if the same were fully set forth herein.

27. Beginning in May, 2007, and continuing to the present time, Defendant has reported to the TransUnion, Experian, and Equifax credit reporting agencies that Plaintiff owes it a debt in excess of $1,200 and is delinquent in paying that debt.

28. This statement is false because either Plaintiff does not owe the money at all or owes an amount less than the amount that Defendant has asserted that Plaintiff owes, and Defendant either knows that the information that it has transmitted to the credit reporting agencies is false or should know that the information is false.

## COUNT VIII
### Defamation

29. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 25 as if the same were fully set forth herein.

30. Beginning in May, 2007, and continuing to the present time, Defendant has reported to the TransUnion, Experian, and Equifax credit reporting agencies that Plaintiff is delinquent in paying the debt that he allegedly owes Defendant.

31. This statement was and is false because Plaintiff is not delinquent in paying any debt to Defendant.

32. The false statements that Defendant transmitted to the credit reporting agencies concerning Plaintiff impugn the honesty and integrity of Plaintiff, injure him in his profession and trade, impute to him an unfitness for the performance of the duties of his office or of gainful employment and a lack of integrity in carrying out the duties of Plaintiff's office or profession, injure Plaintiff's reputation, excite adverse, derogatory and unpleasant feelings and opinions against Plaintiff, diminish the esteem, respect, goodwill, and confidence in which Plaintiff is

held, make Plaintiff appear odious, infamous, contemptible, and ridiculous, and deter other persons from associating or dealing with Plaintiff.

33. Defendant communicated false information to the credit reporting agencies for the purpose of insuring that Plaintiff could not obtain credit from another lender.

34. The false information that Defendant has communicated to the credit reporting agencies concerning Plaintiff has prevented Plaintiff from obtaining credit.

35. In knowingly communicating false information to the credit reporting agencies, Defendant has acted with malice, evil and wrongful motive, the intent to injure Plaintiff, and ill-will towards and hatred of Plaintiff.

36. Defendant's actions have been wanton, reckless, oppressive, outrageous, and in willful, conscious, and deliberate disregard of Plaintiff's rights.

## COUNT IX
### Violation of D.C. Code § 28-3814

37. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 25 and 29 through 36 as if the same were fully set forth herein.

38. In making demands for the payment of money by Plaintiff, Defendant failed to disclose its full business address.

38. Defendant's numerous violations of D.C. Code § 28-3814, as alleged in this count and the preceding counts, were willful.

WHEREFORE Plaintiff demands judgment against Defendant for the following relief:

A. Actual, statutory, general, and punitive damages in an amount totaling not less than $75,000;

B.   Interest on all damages to the date of judgment; and

C.   Plaintiff's reasonable attorneys fees and other costs expended in the prosecution of this action.

>  FLORENTINO E. MENDEZ
>  By Counsel
>
>  *Ernest P. Francis*
>  _____
>  Ernest P. Francis
>  DC Bar No. 439894
>  ERNEST P. FRANCIS, LTD.
>  1655 North Fort Myer Drive
>  Suite 700
>  Arlington, VA 22209
>  (703) 683-5696
>  Fax (703) 683-2785
>  E-mail: epfrancisltd@verizon.net
>
>  Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issues triable of right by a jury.

>  *Ernest P. Francis*
>  _____
>  Ernest P. Francis



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

FLORENTINO E. MENDEZ
Vs.                                           C.A. No.     2008 CA 002216 B
CAVALRY PORTFOLIO SERVICES, LLC

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

                                                      Chief Judge Rufus G. King, III

Case Assigned to: Judge BRIAN F HOLEMAN
Date: March 14, 2008
Initial Conference: 9:30 am, Friday, June 13, 2008
Location: Courtroom A-49
          515 5th Street NW
          WASHINGTON, DC 20001

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_FLORENTINO E. MENDEZ_
Plaintiff

v.                                    Civil Action No. **08 0816**

**MAY 12 2008**

_Cavalry Portfolio Srvs, LLC_
Defendant

The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge **KENNEDY, JR. J. HHK** counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for judge's initials).

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _/s/ Maureen Higgins_
Deputy Clerk

cc: ERNEST P. FRANCIS

929A
Rev. 7/02

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Florentino E. Mendez | Cavalry Portfolio Services, LLC |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __11001__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Ernest P. Francis, Esq.
1655 North Fort Myer Drive, Suite 700
Arlington, VA 22209
(703) 683-5696

ATTORNEYS (IF KNOWN)

Ronald S. Canter, Esq.
11300 Rockville Pike, Suite 1200
Rockville, MD 20852
(301) 770-7490

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act
**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

● **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☒ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ● 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
15 U.S.C. §1692, alleged unlawful debt collection practices

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 75,000.00   Check YES only if demanded in complaint  JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☐   If yes, please complete related case form.

DATE 5/12/08   SIGNATURE OF ATTORNEY OF RECORD  [signature]

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.