IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FLORENTINO E. MENDEZ,<br>a/k/a Tony Mendez<br>1368 Euclid Street, N.W.<br>No. 603<br>Washington, DC  20009-4818<br><br>        Plaintiff<br>vs.<br><br>CAVALRY PORTFOLIO SERVICES, LLC<br>7 Skyline Drive<br>Third Floor<br>Hawthorne, NY  10532<br><br>        Defendant | Case No. 08-0816- HHK |

## AMENDED NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(B) (FEDERAL QUESTION)

Defendant, Cavalry Portfolio Services, LLC, hereby gives notice that this action is removed from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia, pursuant to 28 U.S.C. §§ 1441 and 1446. In support thereof, and for the purpose of removal only, the Defendant states as follows:

1. On March 14, 2008, Plaintiff commenced this action against the Defendant in the Superior Court of the District of Columbia.

2. Defendant was served by process server on April 21, 2008. Copies of all process and pleadings and other documents served upon Defendant in such action is contained in Exhibit A filed herewith.

3. The parties to this action are, as follows:

    A. Plaintiff, Florentino E. Mendez is a citizen of District of Columbia.

1

B. Defendant, Cavalry Portfolio Services, LLC is a limited liability company with its principal place of business in the State of New York.

4. Plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et. seq., against the Defendant in his Complaint.

5. This Court has original jurisdiction over the subject action pursuant to 28 U.S.C. § §1331.

6. Pursuant to 28 U.S.C. §§ 1441, et. seq., this cause may be removed from the Superior Court of the District of Columbia.

7. In addition, Plaintiff also alleges a state law claim against the Defendant. However, because the federal and non-federal claims all derive from a common nucleus of operative facts this Court has supplemental jurisdiction over the non-federal claims alleged against the Defendant, 28 U.S.C. § 1367(a).

8. Alternatively, if the federal claims are deemed to be separate and independent from the non-federal claims, as opposed to arising out of a common nucleus of operative facts, the Defendant invoke the Court's jurisdiction under 28 U.S.C. § 1441(c) as grounds for removal of the entire state action to this Court.

9. An amended notice of this removal has been filed with the Superior Court of the District of Columbia and served upon all parties.

WHEREFORE, Defendant, by counsel, removes the subject action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.

3

                THE LAW OFFICES OF RONALD S. CANTER, LLC

       /s/ Ronald S. Canter
Ronald S. Canter, Esquire, #321251
Birgit D. Stuart, Esquire, #979150
11300 Rockville Pike, Suite 1200
Rockville, MD  20852
Telephone:  (301) 770-7490
Facsimile:  (240) 386-3816
E-Mail:  roncanter@comcast.net
E-Mail:  dstuart@roncanterllc.com
Attorneys for Defendant

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FLORENTINO E. MENDEZ,<br>a/k/a Tony Mendez<br>1368 Euclid Street, N.W.<br>No. 603<br>Washington, DC  20009-4818<br><br>    Plaintiff<br>vs.<br><br>CAVALRY PORTFOLIO SERVICES, LLC<br>7 Skyline Drive<br>Third Floor<br>Hawthorne, NY  10532<br><br>    Defendant | Case No. 08-0816- HHK |

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the **Amended** Notice of Removal and the **Amended** Certificate of Service of the Notice of Removal, was served upon the individual listed below by First Class Mail, Postage Prepaid on this 19th day of May, 2008 to:

        Ernest P. Francis, Esquire
        1655 Fort Myer Dr Ste 700
        Arlington, VA  22209
        Attorney for Plaintiff


        /s/ Ronald S. Canter
        Ronald S. Canter, Esquire
        Attorney for Defendant

CA Form 1

## Superior Court of the District of Columbia
CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

FLORENTINO E. MENDEZ

                                    *Plaintiff*

vs.

CAVALRY PORTFOLIO SERVICES, LLC

                                    *Defendant*

Civil Action No. 0002216-08

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Ernest P. Francis
*Name of Plaintiff's Attorney*

1655 N. Fort Myer Drive, Suite 700
*Address*
Arlington, VA  22209

(703) 683-5696
*Telephone*

*Clerk of the Court*

By _____

Date _____

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/Rev 03

EXHIBIT A

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division
Civil Actions Branch

FLORENTINO E. MENDEZ, )
a/k/a Tony Mendez )
1368 Euclid Street, N.W. )
No. 603 )
Washington, DC 20009-4818, )
 )
    Plaintiff ) 0002216-08
 )
v. ) Civil Action No.
 )
CAVALRY PORTFOLIO SERVICES, LLC )
7 Skyline Drive )
Third Floor )
Hawthorne, NY 10532, )
 )
    Defendant. )

RECEIVED
Civil Clerk's Office
MAR 1 4 2008
Superior Court of the
District of Columbia
Washington, D.C.

COMPLAINT

    Plaintiff Florentino Mendez ("Mendez"), who is also known as Tony Mendez, by his undersigned counsel, brings this action against Defendant Cavalry Portfolio Services, LLC ("Cavalry"), and for his complaint in this action states as follows:

    1.    This Court has jurisdiction of this matter under 15 U.S.C. § 1692k and D.C. Code § 11-921.

    2.    Plaintiff Mendez (an individual) is a resident of the District of Columbia.

    3.    Defendant Cavalry is a limited liability company organized under the laws of the State of Delaware and has its headquarters in Hawthorne, New York

    4.    Defendant engages in the business of acquiring consumer debts payable to others for the purpose of collection when those debts are in default.

5. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another by consumers to pay money arising out of transactions in which the money, property, insurance, or services which are the subject of the transactions are primarily for personal, family, or household purposes.

6. Defendant regularly uses the mails and other instrumentalities of interstate commerce in its collection of or attempts to collect debts owed or due or asserted to be owed or due another by consumers.

7. In April, 2007, Cavalry began its attempts to collect from Mendez a debt that it asserted that Mendez previously incurred to Bank of America through a credit card used to access a line of credit for personal or household purposes.

## COUNT I
## 15 U.S.C. § 1692e(10)

8. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 7 as if the same were fully set forth herein.

9. In attempting to collect the debt that Defendant asserted that Mendez owed Bank of America, Defendant asserted that Bank of America had retained it or hired it to collect the alleged debt from Mendez.

10. In fact this statement was false because Bank of America had not retained or hired Defendant to collect the debt that Plaintiff allegedly owed Bank of America.

## COUNT II
## 15 U.S.C. §§ 1692e(10) & 1692e(2)(A)

11. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 10 as if the same were fully set forth herein.

12. In attempting to collect the debt that Defendant asserted that Mendez owed Bank of America, Defendant stated that the amount that Mendez owed Bank of America was in excess of $1,200.

13. In fact this statement as to the amount that Mendez purportedly owed Bank of America was false because either Mendez did not owe any amount to Bank of America or, in the alternative, he did not owe the entire amount that Defendant asserted was due.

## COUNT III
### 15 U.S.C. § 1692e(10)

14. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 13 as if the same were fully set forth herein.

15. In attempting to collect the alleged debt from Plaintiff, Defendant stated to Plaintiff in September, 2007 that the debt had been placed with the law firm of Margolis, Pritzker, Epstein & Blatt, for collection.

16. This statement was false because that law firm had never been retained by Defendant to collect the debt allegedly due from Plaintiff.

## COUNT IV
### 15 U.S.C. § 1692e(10)

17. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 16 as if the same were fully set forth herein.

18. In attempting to collect the alleged debt from Plaintiff, Defendant stated to Plaintiff that the debt was now in the hands of the legal team, which was scheduling a court date.

19. This statement was false inasmuch as the debt was not in the hands of the legal team and no court date was being scheduled.

COUNT V
15 U.S.C. § 1692e(5)

20. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 19 as if the same were fully set forth herein.

21. In attempting to collect the alleged debt from Plaintiff, Defendant stated to Plaintiff that the debt was being taken to court and that the only way that Plaintiff could avoid a lawsuit was to pay the debt immediately.

22. In telling Plaintiff that the debt would be the subject of a court action, Defendant threatened action that it had no intention of taking.

COUNT VI
15 U.S.C. § 1692e(10)

23. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 22 as if the same were fully set forth herein.

24. In attempting to collect the alleged debt from Plaintiff, Defendant stated to Plaintiff on October 3, 2007, that the case involving Plaintiff's debt had been scheduled for trial.

25. Defendant's statement that the case had been scheduled for trial was false inasmuch as no case was then pending and therefore no trial had been scheduled.

COUNT VII
15 U.S.C. §§ 1692e(2)(A), 1692e(8), & 1692e(10)

26. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 25 as if the same were fully set forth herein.

27. Beginning in May, 2007, and continuing to the present time, Defendant has reported to the TransUnion, Experian, and Equifax credit reporting agencies that Plaintiff owes it a debt in excess of $1,200 and is delinquent in paying that debt.

28. This statement is false because either Plaintiff does not owe the money at all or owes an amount less than the amount that Defendant has asserted that Plaintiff owes, and Defendant either knows that the information that it has transmitted to the credit reporting agencies is false or should know that the information is false.

### COUNT VIII
### Defamation

29. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 25 as if the same were fully set forth herein.

30. Beginning in May, 2007, and continuing to the present time, Defendant has reported to the TransUnion, Experian, and Equifax credit reporting agencies that Plaintiff is delinquent in paying the debt that he allegedly owes Defendant.

31. This statement was and is false because Plaintiff is not delinquent in paying any debt to Defendant.

32. The false statements that Defendant transmitted to the credit reporting agencies concerning Plaintiff impugn the honesty and integrity of Plaintiff, injure him in his profession and trade, impute to him an unfitness for the performance of the duties of his office or of gainful employment and a lack of integrity in carrying out the duties of Plaintiff's office or profession, injure Plaintiff's reputation, excite adverse, derogatory and unpleasant feelings and opinions against Plaintiff, diminish the esteem, respect, goodwill, and confidence in which Plaintiff is

held, make Plaintiff appear odious, infamous, contemptible, and ridiculous, and deter other persons from associating or dealing with Plaintiff.

33. Defendant communicated false information to the credit reporting agencies for the purpose of insuring that Plaintiff could not obtain credit from another lender.

34. The false information that Defendant has communicated to the credit reporting agencies concerning Plaintiff has prevented Plaintiff from obtaining credit.

35. In knowingly communicating false information to the credit reporting agencies, Defendant has acted with malice, evil and wrongful motive, the intent to injure Plaintiff, and ill-will towards and hatred of Plaintiff.

36. Defendant's actions have been wanton, reckless, oppressive, outrageous, and in willful, conscious, and deliberate disregard of Plaintiff's rights.

## COUNT IX
### Violation of D.C. Code § 28-3814

37. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 25 and 29 through 36 as if the same were fully set forth herein.

38. In making demands for the payment of money by Plaintiff, Defendant failed to disclose its full business address.

38. Defendant's numerous violations of D.C. Code § 28-3814, as alleged in this count and the preceding counts, were willful.

WHEREFORE Plaintiff demands judgment against Defendant for the following relief:

A. Actual, statutory, general, and punitive damages in an amount totaling not less than $75,000;

B.  Interest on all damages to the date of judgment; and

C.  Plaintiff's reasonable attorneys fees and other costs expended in the prosecution of this action.

FLORENTINO E. MENDEZ
By Counsel

*Ernest P. Francis*
Ernest P. Francis
DC Bar No. 439894
ERNEST P. FRANCIS, LTD.
1655 North Fort Myer Drive
Suite 700
Arlington, VA 22209
(703) 683-5696
Fax (703) 683-2785
E-mail: epfrancisltd@verizon.net

Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issues triable of right by a jury.

*Ernest P. Francis*
Ernest P. Francis



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

FLORENTINO E. MENDEZ
Vs.
CAVALRY PORTFOLIO SERVICES, LLC

C.A. No.     2008 CA 002216 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge BRIAN F HOLEMAN
Date: March 14, 2008
Initial Conference: 9:30 am, Friday, June 13, 2008
Location: Courtroom A-49
515 5th Street NW
WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc