UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FLORENTINO E. MENDEZ, | ) |
|     Plaintiff | ) ) ) |
| v. | ) Civil Action No. 08-00816 (HHK) ) |
| CAVALRY PORTFOLIO SERVICES, LLC, | ) ) |
|     Defendant. | ) ) |

JOINT STATEMENT OF THE PARTIES

Pursuant to LCvR 16.3(d), the parties state as follows for their report following the conference of counsel for the parties on June 3, 2008:

1. Pursuant to the Order for Initial Scheduling Conference, the brief statement by the parties as to the nature of the case and the statutory bases for all claims and defenses is as follows:

    a. <u>Plaintiff's statement</u>:  Plaintiff is seeking monetary and other relief for several claims against Defendant, a debt collection agency, because of the actions of defendant in attempting to collect a debt from him.  First, Defendant violated 15 U.S.C. § 1692e(10) by stating to Plaintiff that Bank of America had retained it or hired it to collect an alleged debt due from Mendez when in fact Bank of America had not retained or hired Defendant to collect that debt.  Second, Defendant violated 15 U.S.C. §§ 1692e(10) and 1692e(2)(A) by misrepresenting the amount of the debt that Plaintiff allegedly owed.  Third, Defendant violated 15 U.S.C. §§ 1692e(10) by falsely stating that Defendant had retained a law firm to collect the alleged debt from Plaintiff, by falsely stating that the alleged debt was in the hands of the legal team, which was scheduling a court date, and by falsely stating that the court case to collect the debt allegedly

owed by Plaintiff had been scheduled for trial.  Fourth, Defendant violated 15 U.S.C. § 1692e(5) by stating to Plaintiff that the debt was being taken to court and that the only way that Plaintiff could avoid a lawsuit was to pay the debt immediately when Defendant had no intention of taking such action.  Fifth, Defendant violated 15 U.S.C. §§ 1692e(2)(A), 1692e(8), and 1692e(10) by stating to the credit reporting agencies that Plaintiff owed it a debt in excess of $1,200 and was delinquent in paying that debt.  Sixth, Plaintiff seeks relief for common law defamation because of the false statements that Defendant made to the credit reporting agencies.  Finally, Defendant willfully violated D.C. Code § 28-3814 by failing to disclose its full business address.

      b.  <u>Defendant's statement</u>: Defendant denies liability for any alleged violations of the Fair Debt Collection Practices Act.  Defendant disputes that it told Plaintiff that it had been hired Bank of America to collect a debt owed to Bank of America; Defendant disputes that it falsely stated that it had retained a law firm collect the debt; Defendant disputes that the Plaintiff was told that the matter was being taken to Court; Defendant disputes that it did not have intention to proceed with legal action in this matter; Defendant disputes that it made any false report to credit reporting agencies.  Defendant further asserts that Plaintiff does not have a claim for common law defamation and likewise has no claim under the District of Columbia Code § 28-3814.

    2.    The parties agree that Track Two (Standard) should be the case tracking schedule for this case but they also request that the times specified in Track Two not begin to run until 45 days after the entry of the scheduling order.

3. At this time the parties do not believe that the case can be disposed of in its entirety by dispositive motion, although such a motion may be possible as to certain claims or defenses.

4. The parties do not anticipate the joinder of any additional parties; the parties request that the deadline for amendment of pleadings be set at 45 days after entry of the scheduling order. The parties are uncertain at this time whether any factual issues can be agreed upon or narrowed.

5. The parties agree to the assignment of the case to a magistrate judge for all purposes, including trial.

6. At this point the parties believe that settlement may be possible, although Plaintiff is not certain as to the likelihood of settlement; both parties are nonetheless willing to participate in ADR.

7. Counsel have discussed ADR with their clients. Defendant has suggested that the parties engage in ADR prior to undertaking discovery (apart from the initial disclosures), and Plaintiff has agreed to this suggestion provided that ADR is non-binding and can be done without cost to Plaintiff. The parties would recommend mediation as the form of ADR for the parties.

8. The parties do not believe that the case can be entirely disposed of by dispositive motion, although such a motion may be possible as to certain claims or defenses. The parties would propose that the deadline for filing any such motions be thirty days after the completion of discovery. If the parties will be filing cross motions for summary judgment, then counsel for the parties shall agree among themselves which party is to file the initial motion.

After that motion has been filed, the other party shall file a cross-motion accompanied by a single memorandum (both opposing the first party's motion and in support of its own cross motion), the first party shall then file an opposition/reply, and the second party may then file a reply.  The parties do not have a position on proposed dates for decision on any dispositive motion.

9. The parties have agreed that initial disclosures required under Fed. R. Civ. P. 26(a)(1) shall be made within 15 days after the entry of the scheduling order.

10. The parties have agreed that the limits on discovery under Track Two (Standard) should be applicable in this case except that the time limits under that track should run from the date that is 45 days after entry of the scheduling order instead of the date of the scheduling conference.  The parties believe that all discovery that is allowed under the Federal Rules of Civil Procedure should be available in the instant case to the extent allowed under those rules and that neither any limitations on discovery beyond those provided in the rules nor a protective order are appropriate at this time.

Defendant has requested the inclusion of the following language: "[t]he parties agree that each side will take no more than three (3) depositions.  Defendant will produce a 30(b)(6) witness at a time and place agreed by the parties."

Plaintiff does not agree to the inclusion of this language.  Plaintiff will need more than three depositions; because admissions by Defendant may make some depositions unnecessary, the number of depositions that Plaintiff needs will depend upon what Defendant is willing to admit.  Plaintiff's position as to the time and place for a deposition of a representative under Fed. R. Civ. P. 30(b)(6) is that because Defendant invoked the jurisdiction of this Court

through removal, the witness designated under Rule 30(b)(6) must appear in this jurisdiction.

11.	The parties do not anticipate a need for modification of the provisions of Fed. R. Civ. P. 26(a)(2) as to exchange of expert witness reports and other information specified in that rule. Depositions of experts shall occur by the deadline under Track Two (Standard) for the completion of all discovery.

12.	Neither bifurcation of the trial or discovery nor division of the same into other segments is necessary in this case.

13.	The date for the pre-trial conference should be thirty days after the court's decision on any dispositive motions filed after the deadline for completion of discovery.

14.	A trial date should be set at the pre-trial conference.

Respectfully submitted,

| | |
|---|---|
| /s/Ernest P. Francis | /s/Ronald S. Canter |
| Ernest P. Francis | Ronald S. Canter |
| DC Bar No. 439894 | DC Bar No. 321257 |
| ERNEST P. FRANCIS, LTD. | THE LAW OFFICES OF RONALD S. CANTER, LLC |
| 1655 North Fort Myer Drive | 11300 Rockville Pike |
| Suite 700 | Suite 1200 |
| Arlington, VA 22209 | Rockville, MD 20852 |
| (703) 683-5696 | Telephone: (301) 770-7490 |
| Fax (703) 683-2785 | Facsimile: (301) 770-7493 |
| E-mail: epfrancisltd@verizon.net | E-mail: rcanter@roncanterllc.com |
| Attorney for Plaintiff | Attorney for Defendant |